IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTOPHER TERRY SHORTER,

    Plaintiff,

v.                                            CASE NO. 1:14-cv-223-MW-GRJ

J. HILLIS MILLER HEALTH CENTER,
et al.,

    Defendant.

_____/

**ORDER AND**
**REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C § 1983 Doc. 1, and a motion for leave to proceed as a pauper, Doc. 2.  The Court finds that leave to proceed as a pauper should be granted.

The complaint alleges that in December 1978 Plaintiff enlisted in the United States Army.  In connection with his enlistment, Plaintiff was required to undergo surgery to correct an undescended testicle.  According to Plaintiff, Army officials arranged for his surgery in October 1979 at the University of Florida teaching hospital.  Plaintiff contends that the testicle was ruptured during the procedure, resulting in ongoing medical problems.   The defendants are named and unnamed hospital physicians and staff, unnamed Army personnel.  Plaintiff alleges that all defendants have engaged in an unspecified conspiracy to violate numerous of his constitutional rights.  Plaintiff alleges that he filed an administrative claim against the United States Army, which was pending at the time the complaint was filed.  Plaintiff alleges claims for violations of his constitutional rights, medical malpractice, and other claims arising under state law, including battery.  Doc. 1.

Plaintiff's complaint is 45 pages long, in violation of N.D. Fla. Loc. R. 5.1(J)(3), which provides that his complaint, including all attachments, must be no more than 25 pages in length. It is also the hallmark of a shotgun pleading and conglomerates together many unrelated claims and parties. The Court will not require Plaintiff to correct these deficiencies by filing an amended complaint because his complaint suffers from greater flaws which require dismissal.

A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

In this case, Plaintiff clearly alleges that the violation of his rights stems from a medical procedure in October 1979. Doc. 1. The instant § 1983 claims are plainly barred by the four-year limitations period, and therefore must be dismissed as frivolous. *See Clark v. Ga. Pardons and Paroles Bd*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) (expiration of limitations period warrants dismissal as frivolous).

To the extent that Plaintiff asserts tort claims against the United States Army,

such claims are properly construed as claims against the United States pursuant to the Federal Tort Claims Act. The FTCA provides a limited waiver of sovereign immunity for actions against the United States involving, *inter alia*, "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[1] Statutory waivers of sovereign immunity must be construed strictly in favor of the sovereign.[2] "The United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[3] Because the United States' consent to suit is limited by the terms of the FTCA, "[w]here no such consent exists, a district court has no jurisdiction to entertain a suit against the United States."[4]

The disposition of a timely administrative tort claim by a federal agency is a statutory prerequisite to initiating suit in the district court. 28 U.S.C. § 2675(a). A plaintiff must file an administrative tort claim with the appropriate administrative agency within the two-year statute of limitations period established by the FTCA. 28 U.S.C. § 2401, *et seq*. "A tort against the United States shall be forever barred unless it is

---

[1] *Tisdale v. United States*, 62 F.3d 1367, 1370-71 (11th Cir. 1995) (quoting 28 U.S.C. § 1346(b)) (emphasis added).

[2] *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) (quotation and citation omitted).

[3] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted); see *Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993).

[4] *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1156 (5th Cir. 1981).

presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).  A plaintiff's failure to timely file an administrative claim with the applicable agency divests a federal court of subject matter jurisdiction over the plaintiff's FTCA claim.  *Phillips v. United States*, 260 F.3d 1316, 1317-19 (11th Cir. 2001); *Shoff v. United States*, 245 F.3d 1266, 1267 (11th Cir. 2001).  Further, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C.A. § 2401(a).

An FTCA medical malpractice claim accrues when the plaintiff knows of both the injury and its cause.  *United States v. Kubrick*, 444 U.S. 111, 120 (1979).  Thus, a claim "accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his] injury and its connection with some act of the defendant.  *McCullough v. United States*, 607 F.3d 1355, 1359 (11th Cir. 2010) (quoting *Price v. United States*, 775 F.2d 1491, 1494 (11th Cir. 1985)).

In this case, it is apparent from the allegations of the complaint that Plaintiff's medical malpractice claim accrued following his surgery in October 1979.  Plaintiff's failure to file a timely administrative tort claim divests this court of subject matter jurisdiction over his FTCA claim.  28 U.S.C. § 2401(b); *Phillips*, 260 F.3d at 1317-19; *Shoff*, 245 F.3d at 1267.  Even if the complaint presented some basis for the Court to conclude that Plaintiff did file a timely administrative tort claim, it is clear that the complaint is nevertheless barred by the FTCA's statute of limitations, because this case was not filed within six years of the accrual of the claim.  28 U.S.C.A. § 2401(a).

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to

amend a complaint "should be freely given." See Fed.R.Civ.P. 15(a).  Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.  Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert any cognizable claims for relief, the Court concludes that amendment of the complaint would be futile.  See *Foman*, 371 U.S. at 182.

## Conclusion

It is therefore **ORDERED AND ADJUDGED:**

1.  Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED.**

2. Plaintiff's "motion for trial court assistance," Doc. 8, is **GRANTED** to the extent that the Clerk shall send Plaintiff a copy of the docket sheet with this Report and Recommendation.

It is respectfully **RECOMMENDED** that this case should be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief may be granted because it is barred by the applicable statutes of limitation.

**IN CHAMBERS** this 25th day of March 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.